UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

WALTER LEE CARUTHERS,

    Petitioner,

v.                                          3:91-cv-031

RICKY BELL, Warden,

    Respondent.

**MEMORANDUM OPINION**

This is a petition for the writ of habeas corpus brought by a death row inmate. The court denied the petition with respect to petitioner's conviction for first degree murder, granted the petition with respect to his sentence, and vacated the sentence of death. Both petitioner and respondent filed a notice of appeal. The matter is before the court again on several motions filed by the parties.

The respondent has filed a motion for substitution of counsel [Court File No. 317], which will be **GRANTED**. Jennifer L. Smith will be **SUBSTITUTED** for Glenn R. Pruden as counsel of record for respondent. There are also pending petitioner's motion for a certificate of appealability and his motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

In his motion for relief from judgment, petitioner relies on Rule 39 of the Rules of the Tennessee Supreme Court, which provides as follows:

> In all appeals from criminal convictions or post-conviction relief matters from and after July 1, 1967, a litigant shall not be required to petition for rehearing or to file an application for permission to appeal to the Supreme Court of Tennessee following an adverse decision of the Court of Criminal Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when the claim has been presented to the Court of Criminal Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies available for that claim. On automatic review of capital cases by the Supreme Court pursuant to Tennessee Code Annotated, § 39-13-206, a claim presented to the Court of Criminal Appeals shall be considered exhausted even when such claim is not renewed in the Supreme Court on automatic review.

In his habeas corpus petition, petitioner alleged 28 claims for relief; he seeks a certificate of appealability as to 16 of the claims. Of those, nine were dismissed as unexhausted, either for failure to present the claim to the state courts at all or for failure to present the claim to the Tennessee Supreme Court in an application for permission to appeal. Rule 39 took effect June 28, 2001, which was 22 days after the court's decision in this case. Petitioner alleges the rule should be applied retroactively and thus the court should reconsider those claims deemed unexhausted.

This court determined that the Rule 60(b) motion constituted a second or successive § 2254 petition, which could not be filed in the district court absent an order from the United States Court of Appeals for the Sixth Circuit authorizing the district court to consider the petition. The Clerk was thus directed to transfer the Rule 60(b) motion to the Sixth Circuit, and the court stayed consideration of the motion for a certificate of appealability pending

final resolution of the Rule 60(b) motion for relief from judgment. The Sixth Circuit then remanded the Rule 60(b) motion to this court for disposition. Because the Rule 60(b) motion does not assert new claims for habeas corpus relief, but rather asks the court to reconsider claims previously asserted, the motion does not constitute a second or successive habeas corpus petition. *See Gonzalez v. Crosby*, 125 S. Ct. 2641, 2647 (2005).

In *Adams v. Holland*, 330 F.3d 398 (6th Cir. 2003), *cert. denied*, 124 S.Ct.1654 (2004), the Sixth Circuit held "that Rule 39 rendered Tennessee Supreme Court review 'unavailable' in the context of habeas relief." The court also held that Rule 39 was not a change in Tennessee law, but only a clarification of existing law, and thus it should be applied retroactively so as to prevent procedural default. A review of the record reveals that only one claim was deemed unexhausted because, although raised in the trial court and on appeal to the Tennessee Court of Criminal Appeals, it was never presented to the Tennessee Supreme Court. Accordingly, petitioner's Rule 60(b) motion [Court File No. 298] is **GRANTED** to the extent the court will consider the following claim on the merits:

> AA. PETITIONER WAS DENIED THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT THE MOTION FOR NEW TRIAL AND ON APPEAL

The motion for a certificate of appealability [Court File No. 291] is **DENIED WITHOUT PREJUDICE**, pending resolution of this claim for relief.

**AN APPROPRIATE ORDER WILL ENTER**.

s/ Leon Jordan<br>
United States District Judge