UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

WALTER LEE CARUTHERS,

    Petitioner,

v.                                            3:91-cv-031

RICKY BELL, Warden,

    Respondent.

# MEMORANDUM OPINION

This is a petition for the writ of habeas corpus brought by a death row inmate. The court denied the petition with respect to petitioner's conviction for first degree murder, granted the petition with respect to his sentence, and vacated the sentence of death. The court subsequently granted petitioner's Rule 60(b) motion for relief from judgment to the extent the court would consider claim AA[1] on the merits. Petitioner has now filed a motion for reconsideration and asks the court to grant the Rule 60(b) motion with respect to claims K, T, U, and V, as well as claim AA. Petitioner has also filed a request for leave to file briefing on the merits on claim AA, with a proposed brief attached to the request.

---

[1] AA. Petitioner was denied the right to effective assistance of counsel at the motion for new trial and on appeal.

In response to the request to file briefing on the merits, the respondent does not object to the request, and only asks for a period of 40 days, from entry of the court's order permitting briefing, within which to file a responsive brief. Petitioner's request to file briefing on the merits [Court File No. 323] will be **GRANTED**. The Clerk will be **DIRECTED** to file the petitioner's brief on the merits, and the respondent shall have forty (40) days to file a responsive brief. For the following reasons, the motion to reconsider [Court File No. 320] will be **DENIED**.

In his motion for relief from judgment, petitioner relied on Rule 39 of the Rules of the Tennessee Supreme Court, which provides that an application for permission to appeal to the Tennessee Supreme Court, after an adverse decision of the Tennessee Court of Criminal Appeals, is not necessary in order to exhaust available state court remedies. Rule 39 took effect after the court's ruling on the petition for habeas corpus relief and has been held by the Sixth Circuit to be retroactive. *See Adams v. Holland*, 330 F.3d 398 (6th Cir. 2003).

In its ruling on the habeas corpus petition, the court found that a number of petitioner's claims were procedurally defaulted, either because they were never presented to the state courts or were waived. In considering petitioner's Rule 60(b) motion, the court concluded that, of the claims for which petitioner was seeking a certificate of appealability, only claim AA had been deemed unexhausted for failure to present it to the Tennessee Supreme Court in an application for permission to appeal. The court thus granted the Rule 60(b) motion with respect to claim AA.

As the court noted in its ruling on the habeas corpus petition, the petitioner had admitted that claims A, E, I, K, and T had not been exhausted. Petitioner now claims that admission was erroneous as to claims K and T, due to Tennessee Supreme Court Rule 39, because claims K and T were raised in petitioner's second and third petitions for post-conviction relief. The claims raised in the second and third post-conviction petitions, however, were held waived by the Tennessee courts, based upon petitioner's failure to raise the claims either on direct appeal or in the first post-conviction petition. *Caruthers v. State*, 814 S.W.2d 64 (Tenn. Crim. App. Jan. 30, 1991). Accordingly, petitioner is not entitled to a consideration on the merits of claims K and T, and thus is not entitled to relief under Rule 60(b) as to those claims.

In its ruling on the habeas corpus petition, the court found that claim U, which concerned the *Allen* charge, had been raised in the state courts as a matter of state law only and thus was not cognizable in federal habeas proceedings. Petitioner now contends that this claim was raised as a matter of federal law and therefore this court should consider the claim on the merits.

As petitioner points out, he did refer to *Mills v. Maryland*, 486 U.S. 367 (1988), and the Sixth and Fourteenth Amendments, in his third post-conviction petition. [Addendum 25, p. 7, ¶ (24) D. and p. 8, ¶ (24) J., respectively]. Those references, however, were listed as examples of ineffective assistance of counsel. In his brief on direct appeal to the Tennessee Supreme Court, with respect to the *Allen* charge, petitioner did not make any reference to federal law and instead relied solely on a Tennessee statute. [Addendum 3, p. 33, Argument

3

XVII]. Petitioner therefore is not entitled to a consideration on the merits of claim U nor is he entitled to relief under Rule 60(b) as to that claim.

In claim V, petitioner contends that the Tennessee Death Penalty Act fails to meaningfully narrow the class of defendants who are death eligible because of the vagueness of the heinous, atrocious, or cruel (HAC) aggravating factor. This court found the claim was waived because it was not raised at trial or on direct appeal. Petitioner argues that he raised this claim on direct appeal to the Tennessee Supreme Court, and in his first and third post-conviction petitions.

In his brief on direct appeal, petitioner made a general attack on the constitutionality of Tennessee's death penalty statute, with specific reference to the Eighth Amendment ban against cruel and unusual punishment and the disproportionate application of the death penalty; no mention was made of the HAC factor. [Addendum 3, p. 15, Argument IV]. The Tennessee Supreme Court noted that petitioner's arguments lacked merit and that "[t]he death penalty statute is constitutional." *State v. Caruthers*, 676 S.W.2d 935, 942 (Tenn. 1984).

In his first post-conviction petition, as amended, petitioner did challenge the constitutionality of the HAC factor based upon its vagueness. [Addendum 7, p. 9, ¶ 4(cc); Addendum 8, p. 60, Argument VIII]. He also pursued the claim on appeal from the denial of post-conviction relief. [Addendum 11, p. 48, Issue IV].

The Tennessee Court of Criminal Appeals, on appeal from the denial of post-conviction relief, refused to rule on petitioner's challenges to the constitutional validity of the Tennessee death penalty act. *Caruthers v. State*, No. 1164, 1988 WL 124013 (Tenn. Crim.

4

App. Nov. 22, 1988) [Addendum 12]. The appellate court specifically found that "these particular questions have been previously litigated, either in this case or in other capital cases reviewed by the Tennessee Supreme Court, or they have been waived by the petitioner's failure to raise them in a timely fashion at trial." *Id.*, slip op. at 2, 1988 WL 124013 at *1.

At the time of petitioner's conviction, Tennessee law provided, as it does now in Tenn. Code Ann. § 40-30-106(g), that a claim for relief has been waived if not presented to the state courts at the first available opportunity. *See, e.g., State v. Miller*, 668 S.W.2d 281, 285 (Tenn. 1984) (citing Tenn. Code Ann. § 40-30-112 (repealed)). Thus, by failing to specifically raise on direct appeal the claim that the HAC factor is vague and therefore unconstitutional, petitioner waived his right to present that claim in post-conviction proceedings and also in a petition for federal habeas corpus relief.

Petitioner contends that, at the time of his direct appeal, there was no clearly established waiver standard in Tennessee and therefore waiver could not have constituted "an adequate and independent state procedural rule" on which to bar relief. *Rogers v. Howes*, 144 F.3d 990, 992 (6th Cir. 1998). In *House v. State*, 911 S.W.2d 705 (Tenn. 1995), Tennessee Supreme Court held that "[w]aiver in the post-conviction context is to be determined by an objective standard under which a petitioner is bound by the action or inaction of his attorney." *Id.* at 714 (footnote omitted). In doing so, the Tennessee Supreme Court first noted that it could find "no reported Tennessee case dealing directly with the issue of the appropriate standard to apply when determining whether an issue has been waived." *Id.* at 713. The court further noted, however, that "Tennessee cases dealing generally with

5

the concept of waiver in the post-conviction context apply an objective standard and impute the conduct of counsel to their clients." *Id*. (citing *Caruthers v. State*, 814 S.W.2d 64, 70 (Tenn. Crim. App. 1991)). In a footnote, the court cited further cases, going back to 1970, which dealt with the general standard of waiver. *Id*. n.19.

The concept of waiver was thus established at the time of petitioner's direct appeal. Petitioner therefore is not entitled to a consideration on the merits of claim V nor is he entitled to relief under Rule 60(b) as to that claim.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Leon Jordan  
United States District Judge
