UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

WALTER LEE CARUTHERS, )
)
    Petitioner, )
)
v. ) No.: 3:91-CV-031
)
)
WAYNE CARPENTER, Warden,[1] )
)
    Respondent. )

# MEMORANDUM OPINION

This is a petition for writ of habeas corpus brought by Tennessee inmate, Walter Lee Caruthers ("petitioner"). The Court denied the petition with respect to petitioner's conviction for first degree murder, granted the petition with respect to his sentence, and vacated the sentence of death. This matter is now before the Court on remand from the Sixth Circuit. For the reasons below, petitioner's claims E, AA.1.a, AA.1.e-i, AA.2, AA.3, AA.4, A, B, G, H, I, J, K, N, O, P, Q, R, S, T, U, W, and BB will be **DENIED**.

**I.**     **Procedural History and Factual Background[2]**

On January 13, 1981, petitioner was indicted, along with co-defendant, Reginald Watkins, for first degree murder, two counts of aggravated kidnapping, two counts of armed robbery, and assault with intent to commit murder. Petitioner was subsequently convicted of all charges and sentenced to death by a Knox County jury on February 8, 1983. His co-defendant

---

[1] Warden Wayne Carpenter was named Warden of the Riverbend Maximum Security Institution on May 6, 2013. Accordingly, the Clerk is **DIRECTED** to change the name of Respondent to Wayne Carpenter on the Court's CM/ECF docket sheet.

[2] The Court assumes familiarity with Petitioner's case and only discusses the procedural and factual background as it is relevant to the motion currently before the Court.

was convicted of all charges except first degree murder, and sentenced to four life sentences and two sixty-year sentences. Petitioner's murder conviction and sentence was affirmed on direct appeal to the Tennessee Supreme Court, *see State v. Caruthers*, 676 S.W.2d 935 (Tenn. 1984), and state post-conviction relief was subsequently denied.

Petitioner filed a habeas corpus petition in the U.S. District Court for the Middle District of Tennessee on August 15, 1989, and the case was subsequently transferred to this Court on December 28, 1990. The Court denied the petition with respect to petitioner's conviction for first degree murder, granted the petition with respect to his sentence, and vacated the sentence of death [Doc. 287]. While the Court found that petitioner had procedurally defaulted on a number of his claims by failing to properly exhaust them in the state proceedings, the Court also found that petitioner had received ineffective assistance of counsel during the sentencing phase of his trial.

Petitioner subsequently filed a Rule 60(b) motion for relief from judgment with the Court based on the newly enacted Tennessee Supreme Court Rule 39 [Doc. 298]. The Court allowed petitioner to brief on the merits of his Claim AA, and subsequently denied the motion for relief on the grounds that the allegations remained procedurally defaulted [Doc. 344]. Petitioner appealed this Court's decision to the Sixth Circuit, who subsequently granted petitioner's renewed motion to remand the case in light of the Supreme Court's decisions in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013) [Doc. 364-1]. The Court ultimately ordered the parties to file briefs identifying the specific claims impacted by *Trevino*, how *Trevino* should be applied with respect to Tennessee law, and why petitioner is entitled to relief under *Trevino* as to specific claims [Doc. 372].

II.     Analysis

In his brief, petitioner argues that he is entitled to relief based on *Martinez v. Ryan* and *Trevino v. Thaler* because he can establish the requisite cause and prejudice to excuse the procedural default of his ineffective assistance of counsel claims, since he received ineffective assistance of counsel during his initial-review collateral proceeding [Doc. 384]. Specifically, petitioner argues that in light of the *Martinez* exception, the following claims from his amended habeas petition should be reviewed: claims E, AA.1.a, AA.1.e-i, AA.2, AA.3, AA.4, A, B, G, H, I, J, K, N, O, P, Q, R, S, T, U, W, and BB [Doc. 384].

In *Martinez,* the Supreme Court created "a narrow exception" to the general rule of *Coleman v. Thompson* that a habeas petitioner cannot use ineffective assistance of collateral review counsel as cause to excuse a procedural default. 501 U.S. 722, 756–57 (1991). The Supreme Court held that where a state's procedural law requires claims of ineffective assistance of counsel to be raised in an initial-review collateral proceeding, a procedural default will not bar a habeas court from hearing a substantial claim of ineffective assistance of trial counsel if, in the initial-review collateral proceeding, there was no counsel or counsel was ineffective. *Martinez*, 132 S. Ct. at 1320. The Court subsequently expanded the *Martinez* exception in *Trevino*, holding that where a "state ['s] procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of counsel on direct appeal, [the] holding in *Martinez* applies." *Trevino*, 133 S. Ct. at 1921. The Sixth Circuit has since ruled the *Martinez* exception, as expanded by *Trevino*, applicable in Tennessee. *See Sutton v. Carpenter*, 745 F.3d 787, 795–96 (6th Cir. 2014).

A. **Ineffective Assistance of Counsel Claims**

3

Petitioner first argues that his claims of ineffective assistance of trial and appellate counsel—i.e., claims E, AA.1.a, AA.1.e-i, AA.2, AA.3, and AA.3—are substantial and should be reconsidered in light of *Martinez* and *Trevino* [Doc. 384].

As an initial matter, the Court must address petitioner's contention that *Martinez* and *Trevino* permit petitioner to reassert his claims of ineffective assistance of appellate counsel. The Sixth Circuit has previously found that *Martinez* does not apply to such claims. In *Hodges v. Colson*, the court held that "[u]nder *Martinez*'s unambiguous holding our previous understanding of *Coleman* is still the law—ineffective assistance of post-conviction counsel cannot supply cause for procedural default of a claim of ineffective assistance of appellate counsel." 727 F.3d 517, 531 (6th Cir. 2013) (citing *Landrum v. Mitchell*, 625 F.3d 905, 919 (6th Cir, 2010)). As such, the Court finds that petitioner's claims AA.1.e-i, AA.3, AA.4—and to the extent claim AA.2 asserts ineffective assistance of appellate counsel—remain procedurally defaulted because they fall outside the purview of *Martinez* and *Trevino*.

The Court will, however, consider whether ineffective assistance of post-conviction counsel excuses the default of petitioner's remaining ineffective assistance claims: failure to object to prosecution's use of peremptory strikes on the basis of group bias; failure to obtain *Brady* and *Jencks* material as to Ms. Cunningham's testimony; and failure to present issues of race.

*Martinez* permits a petitioner to establish cause to excuse a procedural default of an ineffective assistance of trial counsel claim by showing that he received ineffective assistance by post-conviction counsel. *See Martinez*, 132 S. Ct. at 1320. This holding, however, does not dispense with the "actual prejudice" requirement established by the Supreme Court in *Coleman*. 501 U.S. at 750. To be successful under *Martinez* and *Trevino*, a petitioner must show a

4

substantial underlying claim of ineffective assistance of trial counsel. *See Trevino*, 133 S. Ct. at 1918; *Martinez*, 132 S. Ct. at 1318–19. "To establish that his claim is 'substantial,' a habeas petitioner must 'show that his post-conviction relief counsel was ineffective under *Strickland v. Washington*.' That is, the petitioner must show both that his post-conviction's counsel's performance was constitutionally deficient and that the petitioner was prejudiced by the deficiency." *Thorne v. Hollway*, No. 3:14-CV-0695, 2014 WL 4411680, at *22 (M.D. Tenn. Sept. 8, 2014) (quoting *Clabourne v. Ryan*, 745 F.3d 362, 376 (9th Cir. 2014)).

As part of showing a substantial claim of ineffective assistance of trial counsel, the petitioner must prove prejudice under *Strickland*. *See McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 752 (6th Cir. 2013) (internal citations omitted) ("To be successful under *Trevino*, [petitioner] must show a 'substantial' claim of ineffective assistance, and this requirement applies as well to the prejudice portion of the ineffective assistance claim."). Under *Strickland*, a petitioner can prove prejudice by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The "actual prejudice" requirement of *Coleman* and the prejudice requirement of *Strickland* overlap such that

> in many habeas cases seeking to overcome procedural default under *Martinez*, it will be more efficient for the reviewing court to consider in the first instance whether the alleged underlying ineffective assistance of counsel was 'substantial' enough to satisfy the 'actual prejudice' prong of *Coleman*. If not, because the 'cause and prejudice' standard is conjunctive rather than disjunctive, the reviewing court would have no need to consider whether the petitioner has established cause to overcome the procedural default, in form of ineffective assistance of post-conviction counsel.

*Hollway*, 2014 WL 4411680, at *23.

The Court will now turn to petitioner's remaining claims of ineffective assistance to determine whether petitioner has shown a substantial claim.

### 1. Failure to Object to Prosecution's Use of Peremptory Challenges

In his first claim, petitioner alleges that during his trial, the prosecution used at least one of its eight peremptory strikes to excuse an African American juror [Doc. 384]. Petitioner claims that his trial counsel was ineffective in failing to object to the prosecution's use of peremptory strikes on the basis of group bias.[3] Respondent, however, contends that this claim should be dismissed because the claim is not substantial.

As previously explained, in order to show a substantial ineffective assistance of counsel claim, a petitioner must demonstrate that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687–88. A counsel's performance is considered deficient if it is objectively unreasonable under prevailing professional norms. *Id*. at 688. To prove prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. This standard is highly deferential, and requires a reviewing court to proceed under the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689.

In *Batson v. Kentucky*, the Supreme Court held that the use of peremptory challenges to exclude jurors based solely on their race violates the Equal Protection Clause of the Fourteenth Amendment. 476 U.S. 79 (1986). Under *Batson*, courts begin with the presumption that the

---

[3] Petitioner has requested leave to conduct discovery to support this claim [Doc. 384]. The Court recognizes its authority under Rule 6(a) of the Rules Governing § 2254 Cases in the United District Courts to grant a discovery request under the Federal Rules of Civil Procedure, for good cause shown. However, the Court finds that petitioner has not demonstrated how additional discovery will benefit his claim. As such, petitioner's request for leave to conduct discovery is **DENIED**.

exercise of a peremptory strike is constitutional, and the burden is on the challenging party to prove discriminatory use. *Id*. at 93. To establish a prima facie case of discrimination under *Batson*, a defendant is required to show that: (1) he is a member of a cognizable racial group; (2) the prosecutor has exercised peremptory challenges against a member of defendant's race; and (3) the relevant circumstances raise an inference of purposeful discrimination. *United States v. Ferguson*, 23 F.3d 135, 141 (6th Cir. 1994). "Once the defendant makes a prima facie showing, the burden shifts to the State to come forward with a neutral explanation for challenging black jurors." *Batson*, 476 U.S. at 97.

Petitioner alleges that his defense counsel was ineffective in failing to make a *Batson* challenge in response to the prosecutor's peremptory challenge against at least one African-American juror. Petitioner must overcome the "strong presumption" that under the circumstances, his counsel's actions "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. The question here is not whether defense counsel would have succeeded if a *Batson* challenge had been made, but, rather, whether reasonable counsel might have declined to make a *Batson* challenge under the circumstances. *See id*. Petitioner has not presented any facts to lead the Court to infer the prosecution acted unconstitutionally in its use of peremptory strikes. Neither has the petitioner alleged any facts to overcome the presumption in favor of counsel's conduct being reasonable. In fact, petitioner has alleged no facts other than a conclusory statement that "prosecution used at least one of its eight peremptory strikes to excuse an African-American juror" [Doc. 384]. Accordingly, the Court cannot find that petitioner has met his burden of proving that his counsel's performance was deficient.

2.  **Failure to Obtain *Brady* and *Jencks* material as to Ms. Cunningham's Testimony**

Petitioner next asserts that his trial counsel was ineffective for failing to object to co-defendant counsel's introduction of Ms. Cunningham's incident, failure to discover and preserve Ms. Cunningham's initial description of her assailant, and failure to cross examine Ms. Cunningham on the discrepancies between petitioner and the description she initially gave of her assailant [Doc. 384].

The record indicates that during her testimony, Ms. Cunningham identified petitioner as the man who raped her in June 1980. However, Ms. Cunningham's witness statement at the time of the attack described her assailant as having a mermaid tattoo on his jaw, a nine-inch scar, and yellow greenish crooked teeth, none of which were descriptive of petitioner. While petitioner's counsel did not directly cross examine Ms. Cunningham on these physical differences, the record indicates that counsel introduced evidence to undermine Ms. Cunningham's identification of petitioner as her assailant through Lieutenant Hipshire, who took Ms. Cunningham's initial statement. *See, e.g., State v. Caruthers*, 676 S.W.2d 935, 938 (Tenn. 1984) ("In rebuttal the defendant introduced proof that he did not have a scar or tattoo such as those described by Michelle Cunningham in an earlier description of her assailant.").

Petitioner appears to argue that his trial counsel should have impeached Ms. Cunningham during cross-examination, instead of introducing evidence of the differences between Ms. Cunningham's description and petitioner through another witness [Doc. 392]. The Court does not agree. While petitioner might, looking back, believe that trial counsel's strategy was ineffective, under *Strickland*, trial counsel's performance is not judged in hindsight. Rather, "counsel's performance must be judged on the facts of the case, viewed from counsel's perspective at the time, and recognizing that 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional

8

judgment.'" *Peterson v. Smith*, 510 F. App'x 356, 362 (6th Cir. 2013) (quoting *Strickland*, 466 U.S. at 690).

Here, petitioner has failed to show that his counsel's decision to introduce evidence undermining Ms. Cunningham's testimony through a separate witness was deficient, or that it fell outside the wide range of reasonable professional assistance. Petitioner has also failed to show that attacking the credibility of Ms. Cunningham's identification through Lieutenant Hipshire, as opposed to through Ms. Cunningham, sufficiently creates "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland*, 466 U.S. at 694. Rather, petitioner has merely shown that he disagrees with the strategy employed by his trial counsel.

Even further, the Court cannot find that trial counsel was ineffective for failing to make and argument that he actually made. Therefore, this claim is not "substantial" for the purposes of *Martinez*.

### 3. Failure to Present Issues of Race

Finally, petitioner alleges that trial counsel was ineffective for failing to conduct an adequate voir dire on race, failing to preserve or present issues of potential racial bias in the motion for new trial and on appeal, failing to object to co-defendant's introduction of racially charged evidence, and failing to preserve or present introduction of said evidence in motion for new trial and on appeal [Doc. 384].[4] Specifically, petitioner argues that because of the racial dynamic of his case, counsel's failure to object to co-defendant's introduction of the "irrelevant

---

[4] As the Court has previously held, to the extent that Petitioner's claim of failure to present issues of race implicates ineffectiveness of counsel on appeal, *Martinez* is inapplicable and, therefore, those claims remain procedurally defaulted.

9

and highly prejudicial references to 'picking up white women' and having a 'white wife in Knoxville[,]'" prejudiced him and likely affected the judgment of the jury.

It is not clear from the record why trial counsel moved to prohibit the state from disclosing that petitioner's wife was white, and subsequently chose to introduce her to the jury. Even so, petitioner has not shown that trial counsel's decision here was anything but a change in his trial strategy. Furthermore, the Court recognizes that "[d]ecisions not to object to inadmissible evidence already heard by the jury can in many cases be classified as part of a deliberate strategy to avoid calling the jury's attention to that evidence." *Hodge v. Hurley*, 426 F.3d 368, 385 (6th Cir. 2005). Here, the Court does not find that co-defendant counsel's question was so clearly improper that it "crossed the line into plain and prejudicial impropriety," thereby making strategy an inconceivable reason for petitioner's counsel's failure to object. *See Washington v. Hofbauer*, 228 F.3d 689, 699 (6th Cir. 2000). Rather, in light of the admissibility of evidence concerning Ms. Cunningham's assault, and her testimony, it is reasonable for petitioner's counsel to have believed that the evidence was relevant and would have survived an objection. *Cf. Cobb v. Perini*, 832 F.2d 342, 347–48 (6th Cir. 1987) (finding that counsel was not ineffective because it was not clear that an objection would have been sustained and that counsel reasonably believed the evidence was relevant and admissible).

As such, the petitioner has failed to "overcome the presumption that, under the circumstances, [trial counsel's] action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. Therefore, the Court finds that this claim is not substantial.

B.   **Other Guilt Phase Claims**

Petitioner also argues that the *Martinez* exception should be expanded to allow ineffective assistance of post-conviction counsel to serve as cause to excuse non-ineffective

assistance of counsel claims that have been defaulted [Doc. 384]. Respondent asserts that these claims are outside the scope of *Martinez* and, therefore, remain defaulted [Doc. 389].

This Court previously found that petitioner's claims A, B, I, J, K, N, O, P, R, S, T, W, and BB were procedurally defaulted because they were not exhausted in the state courts, and petitioner's claims G, H, Q, and U were defaulted because they were only presented to the state courts in the context of state law [Doc. 287]. Petitioner now argues that these claims should be revisited based on the *Martinez* exception because although they are not claims of ineffective assistance of trial counsel, they are claims that could not have been raised on direct appeal and, therefore, fall within the spirit of the *Martinez* exception [Doc. 384].

The Court is equally not persuaded by petitioner's argument here. Despite the Supreme Court's expansion of the *Martinez* exception in *Trevino*, the exception nonetheless remains a narrow one. *See, e.g., Martinez*, 132 S. Ct. at 1315 ("This opinion qualifies *Coleman* by recognizing a narrow exception."). By its holding, *Martinez* applies only in cases where ineffective assistance of counsel during an initial-review collateral proceeding caused the default of a substantial claim of ineffective assistance of trial counsel claims. Therefore, the Court finds that *Martinez* is inapplicable to these claims, and concludes that they remain procedurally defaulted.

### III. Conclusion

For the reasons set forth above, the Court finds that petitioner has failed to show that his claims of ineffective assistance of counsel, claims E, AA.1.a and AA.2, are substantial permitting him to overcome their procedural default under *Martinez* and *Trevino*. Furthermore, the Court finds that petitioner cannot show that his claims for ineffective assistance of appellate counsel and his other guilt phase claims—i.e., claims AA.1.e-i, AA.3, AA.4, A, B, G, H, I, J, K,

11

N, O, P, Q, R, S, T, U, W, and BB—fall within the scope of the *Martinez* exception. Accordingly, petitioner's claims will be **DENIED.**

**AN APPROPRIATE ORDER WILL ENTER.**

_____s/ Leon Jordan_____
United States District Judge

12

Case 3:91-cv-00031-RLJ-HBG   Document 393   Filed 11/07/14   Page 12 of 12   PageID #: 745