UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| WALTER LEE CARUTHERS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No.: 3:91-CV-031 |
| | ) |
| WAYNE CARPENTER, Warden, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion Requesting Briefing Schedule for Petitioner's Application for Certificate of Appealability [Doc. 396]. On September 29, 2006, the Court granted petitioner's Rule 60(b) motion to the extent that the Court allowed petitioner to address claim AA on its merits, but denied petitioner's motion with respect to the other claims [Docs. 318, 319]. The Court ultimately denied petitioner's claim AA, finding that the majority of the claims asserted under AA were either previously decided, or were procedurally defaulted [Docs. 343, 344]. At that time, the Court granted petitioner's request for a briefing schedule for petitioner's application for a certificate of appealablity [Doc. 347]. The briefing schedule was interrupted by the Sixth Circuit's remand in light of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013) [Doc. 369]. Upon remand, the Court found that petitioner's claims for ineffective assistance of trial counsel were not substantial, and the remainder of the claims did not fall within the *Martinez* and *Trevino* exception [Docs. 393, 394]. Petitioner now requests a briefing schedule to file an application for certificate of appealability as to claims A, B, C, D, E, F, G, H, I, J, K, L, M, N, and AA.

To grant a Certificate of Appealabity ("COA"), the court must find a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a claim has been dismissed on the merits, a substantial showing is made if reasonable jurists could conclude that the issues raised are adequate to deserve further review. *See Miller-El v. Cockrell*, 537 U.S. 322, 327, 336 (2003) (citing *Slack v. McDonald*, 529 U.S. 473, 484 (2000)). On the other hand, when a claim has been dismissed on procedural grounds, a substantial showing is demonstrated when it is shown that reasonable jurists would debate whether a valid claim of the denial of a constitutional right has been stated and whether the court's procedural ruling is correct. *Slack*, 529 U.S. at 484.

Although *Martinez* and *Trevino* are applicable to Tennessee convictions, they do not apply to petitioner's claims A, B, E, G, H, I, J, K, N, and AA because his claims for ineffective assistance of trial counsel were not substantial, and the remainder of the claims either concerned appellate counsel, or were not ineffective assistance of counsel claims. Additionally, upon reflection and review of the record, the Court does not find that an application for a COA will be beneficial with respect to claims C, D, F, L, and M. The Court previously found that claims C and F were unexhausted in the state courts and, as such were procedurally defaulted [Docs. 287, 288]. Upon petitioner's motion for relief from judgment, in light of the then newly enacted Tennessee Supreme Court Rule 39, the Court found that the claims remained unexhausted [Docs. 318, 319]. The Court also previously addressed claims D, L, and M on their merits and found that the Tennessee Supreme Court's findings were supported in the record and the correct standard of law applied, and also found that petitioner had not received ineffective assistance of counsel at the guilt phase of his trial [Docs. 287, 288].

Consequently, based on the record in this case, the Court finds that reasonable jurists could not conclude that these claims are adequate to deserve further review, and that reasonable

jurists would not debate whether a valid claim of the denial of a constitutional right has been stated and whether the court's procedural ruling is correct. *See Slack*, 529 U.S. at 484.

As such, petitioner's motion requesting a briefing schedule to file his application for a COA [Doc. 396] is hereby **DENIED**. A COA for petitioner's claims A, B, C, D, E, F, G, H, I, J, K, L, M, N, and AA is hereby **DENIED**.

**IT IS SO ORDERED**.

**ENTER:**

                                                         s/ Leon Jordan
                                                   United States District Judge